IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS VÁZQUEZ-FERRER, <u>et al.</u>,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC., <u>et al.</u>,<br><br>Defendants. | CIVIL NO. 15-2687 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is a "Motion for Dismissal" filed by codefendants EM Physicians of Puerto Rico, PSC ("EM Physicians"), and Admiral Insurance Company as EM Physician's insurer (Docket No. 44). Plaintiffs Luis Vázquez-Ferrer, Jose Ignacio Vázquez-Ferrer, and Luis Vázquez-Fernandez opposed (Docket No. 47).  For the reasons explained below, the motion is DENIED.

I.    BACKGROUND

Plaintiffs are the widower and two sons of the deceased Mary L. Ferrer Granda (Docket No. 39 at ¶¶ 1-3).[1]   On November 12, 2014, Ms. Ferrer-Granda, who was then 81 years old, sustained a fall, after which she was driven in an ambulance to the Auxilio Mutuo Hospital (Docket No. 39 at ¶¶ 13, 18, 19, 24, and 43).  Defendant EM Physicians owned or administered the emergency room at the Auxilio Mutuo Hospital (Docket No. 39 at ¶¶ 7).  Ms. Ferrer-Granda was admitted at the emergency room, where she was evaluated and treated for various symptoms until

---

[1] As required by Rule 12(b)(6)'s analytical framework, the court treats as true the non-conclusory factual allegations stated in plaintiff's Second Amended Complaint at Docket No. 39.  <u>See</u> <u>Ocasio-Hernandez</u> v. <u>Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

Luis Vázquez-Ferrer, *et al*., v. Hospital Español Auxilio Muto de Puerto Rico, Inc., *et al*.
Civil No. 15-2687 (PAD)
Opinion and Order
Page 2

about 11:07 p.m. when she suffered a cardio respiratory arrest and was later pronounced dead (Docket No. 39 at ¶¶ 26-56).

As a result of Ms. Ferrer-Granda's death, plaintiffs brought this action under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §§ 1395dd, and Articles 1057, 1802, and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 3021, 5141-5142, on account of defendants' alleged failure to appropriately screen or to stabilize the deceased as required by EMTALA (Docket No. 39).  Co-defendants EM Physicians and its insured Admiral Insurance Company moved for dismissal, arguing that plaintiffs' allegations in the Second Amended Complaint do not state an EMTALA claim upon which relief can be granted,[2] and that the court should decline to exercise supplemental jurisdiction over the Puerto Rico law claims. (Docket No. 44).  Plaintiffs opposed (Docket No. 47).

## II.     STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).  Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).  It does not, however, require a

---

[2] Defendants nominally move for dismissal pursuant to both, Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim (Docket No. 44).  However, substantively their discussion was directed at whether the facts alleged in the Second Amended Complaint were sufficient to establish an EMTALA claim.  Therefore, the court will apply the Rule 12(b)(6) framework.  See Cruz-Vázquez v. Mennonite General Hospital, Inc., 717 F.3d 63, 67-68 (2013) ("…the legal assessment of…[plaintiff's] EMTALA claim by both parties and the court focused on whether her complaint, along with the facts stipulated outside the pleadings, were sufficient to establish a claim…Thus, the district court's opinion and order were erroneous in suing a jurisdictional framework to assess the merits of…[plaintiff's] claim.")

plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.  The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor.  Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

## III.    DISCUSSION

Congress enacted EMTALA as a response to hospital emergency room practices of refusing to accept or treat patients with emergency conditions that lacked medical insurance.  See, Reynolds v. Maine General Health, 218 F.3d 78, 83 (1st Cir. 2000) (citing H. R. Rep. No. 241, 99th Cong. 1st Sess. 27 (1986), reprinted in 1986 U.S.C.C.A.N. 42, 605). Therefore, EMTALA is not a federal malpractice statute, but rather a "limited anti-dumping statute."  Id. (citing Bryan v. Rectors and Visitors of University of Virginia, 95 F. 3d 349, 351 (4th Cir. 1996)(internal citation and quotations omitted)).

To establish an EMTALA violation, the plaintiff must show that: (i) the hospital is a participating hospital, covered by EMTALA, that operates an emergency department (or an equivalent facility); (ii) the patient arrived at the facility seeking treatment; and (3) the hospital either (a) did not afford the patient an appropriate screening in order to determine if she had an emergency medical condition, or (b) released the patient (whether by turning her away, discharging her, or improvidently transferring her) without first stabilizing the emergency medical condition.

Luis Vázquez-Ferrer, *et al*., v. Hospital Español Auxilio Muto de Puerto Rico, Inc., *et al*.
Civil No. 15-2687 (PAD)
Opinion and Order
Page 4

Cruz-Vázquez v. Mennonite General Hospital, 717 F.3d 63, 68-69 (1st Cir. 2013) (citing Correa

v. Hospital San Francisco, 69 F.3d 1184, 1190 (1st Cir.1995)).

EMTALA does not define what an appropriate medical screening consists of, but the First

Circuit has clarified that "the essence of this requirement is that there be some screening procedure,

and that it be distributed even-handedly." Correa v. Hospital San Francisco, 69 F.3d 1184, 1192

(1st Cir. 1995).  Hence, "a refusal to follow regular screening procedures in a particular instance

contravenes the statue…but faulty screening…as opposed to disparate screening or refusing to

screen at all, does not contravene the statute."  Id.  at 1192-1193 (internal citation omitted).

In its request for dismissal, EM Physicians does not contest that it is a facility covered by

EMTALA or that Ms. Ferrer-Granda arrived at its emergency room seeking medical treatment.

Rather, it contends that plaintiffs failed to plausibly narrate a disparate screening claim pursuant

to EMTALA's screening provisions.  To that end, it characterized plaintiffs' allegations as

"conclusive" and "insufficient to support an EMTALA violation for improper screening…"

(Docket No. 44 at p. 12).[3]

Plaintiffs, on the other hand, argue that in the Second Amended Complaint, particularly

paragraphs 163-177, they sufficiently pled that that the Hospital did not follow its own screening

protocols despite identifying triggering symptoms (Docket No. 47 at ¶¶ 3, 4, 7, 8).  For example,

plaintiffs alleged that "when Dr. Velez had the necessary information before him to screen

---

[3] EM Physicians also argued that plaintiffs' allegations are insufficient to support an "improper transfer" under
EMTALA (Docket No. 44 at pp. 15-16), as "the transfer never took place because the Plaintiff died before the transfer
was even attempted" (Id. at p. 16).  However, EM Physicians did not include any references to the statute or case law
in support of its argument.  In their Opposition (Docket No. 47), plaintiffs clarified that their claim is for disparate
screening under EMTALA (and they did not brief the issue of improper transfer) (Docket No. 47 at ¶ 2).

Luis Vázquez-Ferrer, *et al*., v. Hospital Español Auxilio Muto de Puerto Rico, Inc., *et al.*
Civil No. 15-2687 (PAD)
Opinion and Order
Page 5

for…UGIB…he failed to do so (in violation of the Hospital's protocols, procedures, and/contrary

to protocols, procedures, and/or as done with similarly situated patients)" (Docket No. 39 at ¶ 177).

The court agrees with plaintiffs.  While the factual content in plaintiffs' disparate screening

allegations is a bit scarce, the allegations are nevertheless enough to survive dismissal at this stage.

Whether the allegations will be supported by the evidence is another matter.  Hence, reading the

complaint in a light most favorable to plaintiffs and drawing all reasonable inferences in plaintiffs'

favor, as the court must at this stage, the court finds that plaintiffs have sufficiently pled a cause

of action under EMTALA.

## IV.   CONCLUSION

In view of the foregoing, co-defendant's "Motion for Dismissal" (Docket No. 44) is

DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of January, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE